[No. B008886. Second Dist., Div. Seven. Nov. 21, 1985.]

PACIFIC NATIONAL INSURANCE COMPANY,
Plaintiff and Respondent, v.
ROGER WEBSTER et al., Defendants and Appellants.

## COUNSEL

Kadison, Pfaelzer, Woodard, Quinn & Rossi, John J. Quinn, Rhonda L. Nelson and Howard O. Boltz, Jr., for Defendants and Appellants.

Clausen, Harris & Campbell, Marie D. Clause and Gregory P. Orland for Plaintiff and Respondent.

## OPINION

**SCHWAB (H. J.), J.**\*—This is an appeal from a declaratory judgment of Los Angeles County Superior Court declaring that a policy of insurance issued by respondent Pacific National Insurance Company (hereinafter referred to as Pacific National) afforded no coverage to appellants Roger Webster and Bernard Perloff for a claim of a third party arising out of an accident, which the trial court found to have occurred after the cancellation of the subject insurance policy.

In 1978, appellants Bernard Perloff and Roger Webster acquired property located at 610-620 Hampton Drive in Van Nuys, California. They purchased a liability insurance policy from respondent Pacific National for the period November 15, 1979, to November 15, 1980 (hereinafter referred to as the "1979 policy").

At the time of trial, the parties stipulated that the original "1979 policy" was not in the possession of appellants and was not available. Because of

---

*Assigned by the Chairperson of the Judicial Council.

this problem, respondent Pacific National attempted to reconstruct the original "1979 policy." Relative to this reconstruction, respondent Pacific National endeavored to prove that one endorsement of the original policy was "Form MP-4" which in effect specifically defined the coverage for bodily injury as injury occurring within the policy period. However, within this same form "MP-4" was the following language in pertinent part: "3. Cancellation. This policy may be cancelled by the named insured by surrender thereof to the Company or any of its authorized agents or by mailing to the Company written notice stating when thereafter the cancellation shall be effective. . . . The mailing of notice as aforesaid shall be sufficient proof of notice. The time of surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the Company shall be equivalent to mailing."

This same "Form MP-4" also stated: "10. Waiver or Change of Provisions. The terms of this insurance shall not be waived, changed or modified except by endorsement issued to form a part of this policy."

Upon the expiration of the "1979 policy," appellants obtained a liability insurance policy from respondent Pacific National for the period from November 15, 1980, to November 15, 1981 (hereafter referred to as the "1980 policy"). The "1980 policy" contained "all other forms and endorsements per original policy." Upon the expiration of the "1980 policy," appellants then ordered a liability insurance policy from respondent Pacific National for the period from November 15, 1981, through November 15, 1982 (referred to hereinafter as the "1981 policy").

The insurance agent for these policies was one Robert Gabriel. He represented several multiline companies, including respondent Pacific National. The "1981 policy" had been ordered renewed in an advance of expiration. However, the renewal had not yet been received by Mr. Gabriel's office by December 17, 1981. Appellants sold the Hampton property and, on that date, December 17, escrow was closed. On that same December 17, appellant Perloff telephoned Mr. Gabriel to tell him they had sold the property and asked what they should do about the insurance coverage. Mr. Gabriel said there was no reason to keep the insurance policy in effect. Appellant Perloff asked what Mr. Gabriel would recommend and Mr. Gabriel said, "Cancel." Appellant Perloff replied, "Okay."

On December 19 an accident occurred on the Hampton Drive property which resulted in alleged personal injury and property damage to one Timothy Boe. According to Mr. Gabriel's records, he was advised of the accident by appellant Perloff on December 22. When the original "1981 policy" was delivered to Mr. Gabriel, he wrote a note, bearing a date of December 29, 1981, with the policy, and sent it off to the company, requesting can-

cellation effective December 17. On this "1981 policy," as in the "1980 policy," it is stated that the policy includes "All Other Forms and Endorsements per Original Policy." Other than the December 29, 1981 note from Mr. Gabriel to respondent Pacific National, Mr. Gabriel had no other record of the surrender of the original policy and no other written notice of cancellation from the insured.

In August of 1982, Mr. Boe filed a complaint against appellants and other persons arising out of the accident which took place on December 19, 1981. Respondent Pacific National filed a complaint for declaratory relief asserting that appellants were not protected by the insurance policy, alleging that two days before the accident they had cancelled their insurance protection. The trial court granted said declaratory relief and this appeal followed.[1]

■ Although appellants raise several issues in their request for reversal, only one merits discussion as it is dispositive, namely, the lack of effectiveness of the purported cancellation of the insurance policy on December 17, so as to afford coverage to appellants relative to the December 19, 1981 accident. According to the aforementioned "Form MP-4" in the original "1979 policy," which was reinstated in the "1980 and 1981 policies," it was specified that the policy could only be cancelled by the insured by (1) surrender thereof to the company or any of its authorized agents, or (2) by mailing (or delivering) to the company written notice stating when *thereafter* the cancellation would be effective. No other methods for cancellation in the insurance contract were mentioned. Specifically written in that same form "MP-4" was the statement that the terms of the insurance "shall not be waived, changed or modified except by endorsement issued to form a part of this policy."

The record clearly reflects that the notice cancelling the insurance as of December 17, 1981, was dated December 29. The telephonic conversation between Mr. Gabriel and appellant Perloff on December 17 regarding cancellation would not be sufficient under the terms of the insurance contract and under the factual posture of this case to effectuate cancellation as of that date. Under normal circumstances no formal written notice of cancellation is required and surrender of the policy is not a prerequisite to cancellation. (*Knox-Seemen Motor Parts, Inc.* v. *American Ins. Co.* (1969) 2 Cal.App.3d 173, 179 [82 Cal.Rptr. 451]; *Glen Falls Ins. Co.* v. *Founders' Ins. Co.* (1962) 209 Cal.App.2d 157, 165 [25 Cal.Rptr. 753, 3 A.L.R.3d 1058].) However, when contractual conditions for cancellation are set forth as a part of an insurance policy, there must be strict compliance. (*Quong Tue*

---

[1]The trial court ordered that (1) the within policy of insurance issued by respondent Pacific National afforded no coverage to appellants Roger Webster and Bernard Perloff on the claim of Timothy Boe arising from an accident occurring on December 19, 1981, and (2) that respondent Pacific National was not required under the terms of said policy to provide a defense for appellants in the personal injury action filed by Mr. Boe.

*Sing* v. *Anglo-Nevada Assurance Corp.* (1890) 86 Cal. 566, 571 [25 P. 58]; *Chase* v. *National Indemnity Co.* (1954) 129 Cal.App.2d 853, 860 [278 P.2d 68]; 1 Witkin, Summary of Cal. Law (8th ed. 1973) Contracts, § 681, p. 575.) Appellants therefore were covered by respondent Pacific National relative to the December 19 accident involving the claims of Timothy Boe.

It is true that the "1981 policy" was not received by Mr. Gabriel's office until after the December 19 accident so therefore it could not have been surrendered before that date. However, written notice of cancellation could have been immediately mailed and delivered to respondent Pacific National on December 17 when appellant Perloff notified Mr. Gabriel. While Mr. Gabriel had not received the "1981 policy" in his office on that date (Dec. 17), the original "1979 policy" included the form "MP-4" with the cancellation requirements which were adopted in the "1980 policy" by reference and also were adopted in the "1981 policy." There is no doubt that the "1981 policy" was in effect on December 17, at the time of the telephone conversation between Mr. Gabriel and appellant Perloff, even though it had not yet been received in Mr. Gabriel's office. Strict contractual requirements for cancellation of the policy were therefore in effect. Any ambiguity which might arise because of the late receipt of the "1981 policy" by Mr. Gabriel would have to be laid at the feet of respondent Pacific National in light of their "service problems" and untimely sending out renewals through respective insurance agents. (See *Insurance Co. of North America* v. *Sam Harris Constr. Co.* (1978) 22 Cal.3d 409, 412-413 [149 Cal.Rptr. 292, 583 P.2d 1335].) Under the strict terms of the contractual language in form "MP-4," the proposed retroactive cancellation on December 17, based upon the December 29, 1981 memorandum, would be of no effect. The precise terms of the contractual provisions require that the written notice must state "when *thereafter* the cancellation shall be effective." (Italics added.) As such, under the terms and conditions of the insurance contract, appellants were covered by respondent Pacific National as to the December 19 accident involving the claims of Timothy Boe.

The judgment granting declaratory relief in favor of respondent Pacific National is reversed.

Lillie, P. J., and Johnson, J., concurred.